IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JUSTIN M. OLIVER, #A4015015, | ) | CIV. NO. 18-00355 JAO-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |
| vs. | ) ) | |
| RICHARD ASCUNCION, ACO GRIMLEY, | ) ) ) | |
| Defendants. | ) ) | |

Before the court is pro se Plaintiff Justin Mitchell Oliver's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Oliver alleges Oahu Community Correctional Center (OCCC) officers Richard Ascuncion and ACO Grimley violated his constitutional rights when they allegedly used excessive force against him and thereafter denied him medical care for nine days.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and finds that it states a claim in part. Claims against Defendants Ascuncion and Grimley in their official capacities are DISMISSED. The Complaint as thereby limited shall be served on Ascuncion and Grimley, who are required to file a response.

# I. STATUTORY SCREENING

The court performs a pre-answer screening of Oliver's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted);

*see also Iqbal*, 556 U.S. at 555.

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Oliver's Claims

Oliver alleges Ascuncion and Grimley attacked him at OCCC on or about September 23, 2016. He says that he felt his ribs break during the attack, but they denied his multiple requests for medical care. After nine days in solitary confinement, Oliver was given chest x-rays, which revealed that he had three

fractured ribs. Oliver names Ascuncion and Grimley in their individual and official capacities and seeks damages.

**B.     Official Capacity Claims are Dismissed**

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). There are three exceptions to this general rule: (1) the State may waive its Eleventh Amendment defense; (2) "Congress may abrogate States' sovereign immunity by acting pursuant to a grant of constitutional authority"; and (3) a suit seeking prospective injunctive relief may proceed. *Douglas v. Calif. Dept. of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) (citations omitted); *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir.

2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)).

Oliver does not allege the State has waived its immunity, and Congress has not abrogated such immunity. Nor does Oliver allege an ongoing constitutional violation or seek prospective injunctive relief. Oliver's official capacity claims against Defendants Ascuncion and Grimley are DISMISSED.

### III. SERVICE ORDER

IT IS HEREBY ORDERED:

(1) The Clerk shall send the U.S. Marshal a copy of this Order and completed summonses for Defendants Richard Ascuncion and ACO Grimley. The U.S. Marshals Service shall open a file and retain these documents for use in the event that Ascuncion and Grimley decline to waive service of the summons.

(2) Per agreement with the Hawaii Department of Public Safety ("DPS"), the Clerk shall provide by electronic means to **DPS liaisons Shelley Harrington** and **Laurie Nadamoto**: (a) a copy of the Complaint, a copy of this Order, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendants Richard Ascuncion and ACO Grimley; and (b) completed Waiver of Service of Summons forms for Ascuncion and Grimley.

(3) Defendants shall have **30 days** after the request for waiver of service of

5

summons is sent to **return the waiver to the U.S. Marshal, who shall file the waiver with the court**. If either Defendant fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, who will directed the U.S. Marshal to personally serve the summons and complaint. A personally served Defendant may be required to pay the costs of personal service.

(4) Defendants Ascuncion and Grimley shall file an answer or otherwise respond to Plaintiff's Complaint **within 60** days after electronic service if formal service is waived, or **45 days** if service of the summons is not waived.

(5) Plaintiff shall promptly notify the court of any change of address. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6) After Defendants have filed a response to the Complaint, Plaintiff's documents are deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system. The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2018.



Jill A. Otake
United States District Judge

*Oliver v. Ascuncion*, No. 1:18-cv-00355JAO-KSC; SVC Ords '18 (dsm off cap cls. serve C)