IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JUSTIN M. OLIVER, #A4015015, | ) | CIV. NO. 18-00355 JAO-KSC |
| Plaintiff, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| vs. | ) ) | |
| RICHARD ASUNCION, ACO GRIMLEY, | ) ) ) | |
| Defendants. | ) ) ) | |

  Before the court is pro se Plaintiff Justin Mitchell Oliver's First Amended Complaint (FAC) brought pursuant to 42 U.S.C. § 1983. ECF No. 16. Oliver alleges Oahu Community Correctional Center (OCCC) officers Richard Asuncion and ACO Grimley violated his constitutional rights when they allegedly used excessive force against him and denied him medical care in violation of the Eighth, Ninth, Fourteenth, and Fifteenth Amendments.

  For the following reasons, the FAC is dismissed pursuant to 28 U.S.C. § 1915(e), for failure to comply with Federal Rules of Civil Procedure 8 and 15. The original Complaint, as limited by the October 30, 2018 Order Dismissing the Complaint in Part and Directing Service, ECF No. 8, remains the operative pleading.

## I.  CLAIMS IN THE FAC

As in the original Complaint, Oliver alleges that Asuncion and Grimley attacked him at OCCC on or about September 23, 2016, breaking his ribs.  He says they immediately transferred him to solitary confinement and denied his multiple requests for medical care.  After approximately one week, Oliver was given chest x-rays, which revealed that he had three fractured ribs.  The only factual difference between the original Complaint and the FAC is that Oliver now states that Asuncion and Grimley never reported the incident.  He now alleges that, in addition to violating the Eighth Amendment, Asuncion and Grimley deprived him of "Due Process, Medical, and Disciplinary preceedings [sic]," in violation of the Ninth, Fourteenth, and Fifteenth Amendments.  ECF No. 1, PageID #74.  Oliver again names Asuncion and Grimley in their individual and official capacities; he seeks damages and unidentified prospective injunctive relief.

## II.  LEGAL STANDARDS

The court must screen Oliver's FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)

(discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555.

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

The court granted Oliver leave to amend those claims that were dismissed without prejudice from his original Complaint. *See* October 30, 2018 Order, ECF No. 8. Moreover, a plaintiff may amend a complaint as of right up to 21 days after a defendant answers. Fed. R. Civ. P. 15(a)(1). After that, "a party may amend its pleading only with the opposing party's written consent or with leave of court. The court should freely give leave when justice so requires." *Id.*

The court considers four facts to determine whether granting a plaintiff leave to amend is appropriate: "[1] bad faith, [2] undue delay, [3] prejudice to the opposing party, and [4] futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Here, neither Defendant has filed an Answer to the original Complaint and the court granted Oliver leave to amend those claims dismissed without prejudice from the original Complaint, if he can cure the deficiencies in those claims. Thus, Oliver has the right to amend his pleading, as long as filing such an amendment is not futile.

### A. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**B.     Official Capacity Claims**

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity."  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).  There are three exceptions to this general rule: (1) the State may waive its Eleventh Amendment defense; (2) "Congress may abrogate States' sovereign immunity by acting pursuant to a grant of constitutional authority"; and (3) a suit seeking prospective injunctive relief may proceed.  *Douglas v. Calif. Dept. of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) (citations omitted); *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").  Thus, Defendants named in their official capacities are subject to suit

under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)).

The State has not waived its immunity from suit under § 1983, nor has Congress abrogated it. Although Oliver now claims that he seeks prospective injunctive relief, apparently to conform to the Court's October 30 Order, he fails to allege an ongoing constitutional violation or even explain what prospective injunctive relief he seeks. Oliver's official capacity claims against Asuncion and Grimley remain DISMISSED.

## C. Ninth, Fourteenth, and Fifteenth Amendment Claims

Oliver claims that Defendants violated his right to due process and disciplinary proceedings under the Ninth, Fourteenth, and Fifteenth Amendments, because they allegedly failed to file a report of the September 23, 2016 incident. He provides no other details regarding these claims.

### 1. The Ninth Amendment

The Ninth Amendment states: "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."

U.S. Const. amend. IX. It is an enabling statute only, meant to assure that greater rights guaranteed by a State are not undermined by lesser rights under the Constitution. The Ninth Amendment has never been recognized as "independently securing any constitutional right, for purposes of pursuing a civil rights claim." *See Strandberg v. Helena*, 791 F.2d 744, 748 (9th Cir. 1986). The FAC does not appear to bear any connection to the Ninth Amendment. Accordingly, the FAC fails to state a claim under the Ninth Amendment and allowing this claim to proceed is futile.

### 2. The Fifteenth Amendment

The Fifteenth Amendment prohibits interference with the right to vote on the basis of race. U.S. Const. amend. XV. The allegations in the FAC have no discernible connection to the Fifteenth Amendment and allowing this claim to proceed is futile.

### 3. The Fourteenth Amendment: Due Process

The Fourteenth Amendment provides: "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. A prisoner asserting a Fourteenth Amendment due process claim related to prison disciplinary proceedings must first establish that he has been deprived of a protected liberty interest. *See Ward v. Ryan*, 623 F.3d 807, 813 (9th

Cir. 2010) (finding that to establish a due process violation, an inmate must demonstrate that he has been deprived of a protected liberty interest by government action). A protected liberty arises either from the Due Process Clause directly or from state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, regardless of whether they are authorized by state law.

"Under *Sandin* [*v. Conner*, 515 U.S. 472 (1995)], a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (quoting *Sandin*, 515 U.S. at 484). *Sandin* held that a Hawaii inmate had no liberty interest in freedom from disciplinary segregation that lasted thirty days, where the evidence showed that the conditions in segregation "with insignificant exceptions, mirrored those conditions imposed on inmates in administrative segregation and protective custody," and the segregation did not "inevitably affect" the length of his prison sentence. *Id.* at 486-87.

Oliver does not explain his due process claim. The court infers that he is referring to Asuncion and Grimley's actions in placing him in solitary confinement,

but even this is unclear. He provides no facts from which the court can determine whether he suffered atypical and significant hardship in relation to the conditions in administrative segregation, protective custody, or general population. He does not allege that his time in solitary confinement will inevitably affect his sentence. It is both uncertain and unlikely that Asuncion and Grimley put him in solitary confinement without input or knowledge from anyone at OCCC, after they allegedly beat him in his cell. In short, Oliver's "due process" claim does not state the "threadbare" elements of a due process claim or even provide a "conclusory statement" from which the court can plausibly find that Asuncion and Grimley violated his due process rights. *See Iqbal*, 556 U.S. at 678. Oliver fails to state a due process claim and allowing this claim to proceed as alleged is futile.

## IV. **CONCLUSION**

The First Amended Complaint fails to state a claim for relief under the Ninth, Fourteenth, and Fifteenth Amendments. Thus, allowing the First Amended Complaint to proceed based on these insufficient claims is futile. This is particularly true here, when the court has already determined that the original Complaint states a claim for the use of excessive force and denial of medical care, and Defendant Grimley has waived service of the summons. Accordingly, the First Amended Complaint is DISMISSED and the original Complaint remains the

operative pleading.

　　　　IT IS SO ORDERED.

　　　　DATED: Honolulu, Hawaiʻi, December 4, 2018.



Jill A. Otake
United States District Judge

*Oliver v. Ascuncion*, No. 1:18-cv-00355JAO-KSC; scrng 18 (dsm FAC)