IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN MITCHELL OLIVER,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD ASUNCION and ERIC GRIMLEY,<br><br>  Defendants. | CIV. NO. 18-00355 JAO-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Justin Oliver alleges that Adult Corrections Officers ("ACOs") Richard Asuncion and Eric Grimley ("Defendants") used excessive force and denied him medical care while he was incarcerated in a state prison facility. Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Defendants move for summary judgment arguing Plaintiff did not exhaust his prison administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons set forth below, the Court GRANTS Defendants' Motion because Plaintiff failed to exhaust administrative remedies.

## I.   BACKGROUND

### A.   Factual History

#### i.   Undisputed Facts

Plaintiff filed a grievance form on December 6, 2017, stating:

> On 9/23/2016 at 10:37am I was beaten by ACOS: I sustained three fractured ribs, broken teeth, fractured jaw, and bruses [sic] up and down arms and legs.  And then I was thrown in the hole.  I had to request x-ray's [sic], but was not allowed proper medical treatment when I asked to go to Queens.  I could have died.  This grievance is merely for proper procedure and documentation.

ECF No. 46-3 at 1.  An ACO filled out the "Resolution" section of the form on December 6, 2017, stating, "YOU FAILED TO FILE GRIEVANCE (14) DAYS FROM WHICH THE INCIDENT OCCURED [sic]."  *Id.*

On December 3, 2018, Plaintiff filed a second grievance form regarding the September 23, 2016 incident, requesting video footage.  ECF No. 46-1 ¶ 10.  The form was returned on December 6, 2018 because two years had passed since the incident.  These are the only two grievances in the system regarding the September 23, 2016 incident.  *Id.*

#### ii.   The Inmate Grievance Program

The Hawaiʻi Department of Public Safety ("DPS") has a three-step Inmate Grievance Program ("IGP"), which is "the means for receiving, processing, and resolving inmate complaints" at any DPS facility, including the Oahu Community

2

Correctional Center ("OCCC").  ECF 46-2 at 4.  The IGP is outlined in Policy No. COR.12.03, contained in DPS's Policy and Procedures Manual, effective July 1, 2015.  ECF No. 46-1 ¶ 3.  Generally, a prisoner must file an initial Step 1 grievance within fourteen days of an incident, subject to certain exceptions.  ECF No. 46-2 § 8.1–2.

The grievance is considered filed on the date it is logged into the Corrections Information Management System ("Offendertrak") by the Facility Grievance Officer ("FIGO") or Inmate Grievance Specialist ("IGS").  *Id.* § 10.1.  The IGS or FIGO must respond in writing within 20 working days but may take an additional 20 working days if necessary.  *Id.*

If the inmate is dissatisfied with the response, he or she may file a Step 2 appeal within five days of receiving the response.  *Id.* § 8.3(d).  If unhappy with the Step 2 appeal response, the inmate may file a Step 3 appeal within five days of receiving the response.  *Id.* § 10.5.  If the prison does not respond within the time allotted for any particular step, the inmate is instructed to consider this a denial and proceed to the next step.  *Id.* § 10.4.

If a prisoner reasonably believes his or her complaint is sensitive or fears for his or her safety, the inmate may submit a grievance directly to the Division Administrator in a sealed envelope that is marked "Confidential."  *Id.* § 8.3(b).

The IGP notifies prisoners that completion of all three steps is normally required before commencing litigation in federal court. *Id.* § 4.7.

**B.     Procedural History**

Plaintiff brought this action on September 17, 2018, seeking monetary damages under 42 U.S.C. § 1983 for excessive force (Count I) and denial of medical care (Count II). ECF No. 1. On April 5, 2019, Defendants filed the instant Motion for Summary Judgment. ECF No. 45. Plaintiff opposed the Motion, ECF No. 53, and Plaintiff replied, ECF No. 56. Plaintiff moved for an extension of time to file the Concise Statement of Facts, ECF No. 57, which the Court granted on August 28, 2016, ECF No. 58. A hearing was held on August 30, 2019.

## II.     LEGAL STANDARDS

**A.     FRCP 56 Legal Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *T.W. Elec.*

*Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The Court must view the facts in the light most favorable to the nonmoving party. *State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *T.W. Elec.*, 809 F.2d at 630; Fed. R. Civ. P. 56(c). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *T.W. Elec.*, 809 F.2d at 630; *Blue Ocean Pres. Soc'y v. Watkins*, 754 F. Supp. 1450, 1455 (D. Haw. 1991).

If the nonmoving party fails to assert specific facts beyond the mere allegations or denials in its response, summary judgment may be entered. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); Fed. R. Civ. P. 56(e). There is no genuine issue of fact if the opposing party fails to offer evidence "sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

A defendant may assert affirmative defenses by a motion for summary

judgment. Fed. R. Civ. P. 56. The motion for summary judgment will be granted when "it raises at least one legally sufficient defense to bar the plaintiff's claim and no triable issue of fact relates to that defense." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982); *see, e.g.*, *Dam v. Gen. Elec. Co.*, 265 F.2d 612, 614 (9th Cir. 1958); *Benjamin v. W. Boat Bldg. Corp.*, 475 F.2d 1085, 1086 (9th Cir. 1973). "If the moving party's defense is legally inadequate or would require the adjudication of fact issues, the motion will be denied." *Seaboard*, 677 F.2d at 1308; *U.S. v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990).

### B.    Prison Litigation Reform Act

The PLRA requires that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). Requiring exhaustion allows prison officials "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001) ). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v.*

*Blake*, 136 S. Ct. 1850, 1862 (2016). Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

The *Ross* court identified three "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 1859. Those circumstances are:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Id.* at 1853–54. Beyond these three circumstances, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[s] judicial discretion," "mean[ing] a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Id.* at 1856–57.

Failure to exhaust is an affirmative defense. *Bock*, 549 U.S. at 216. The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries his burden, the burden shifts to the inmate to "show there is

7

something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

### III. DISCUSSION

Defendants presented evidence that Plaintiff did not complete the three-step grievance process for any grievance arising from the September 23, 2016 incident until after the 14-day deadline had passed, ECF No. 46-1 ¶ 10, and Plaintiff has not presented any evidence that he completed or attempted Step 1 before the deadline. Plaintiff appears to assert three different theories as to why the administrative remedies outlined in the IGP were unavailable to him. The Court rejects each for the reasons outlined below.

#### A. Monetary Relief

Plaintiff argues that he did not need to proceed through the IGP's three steps because grievances seeking monetary relief are not covered by the IGP. However, the Supreme Court has held that after the enactment of the PLRA, "a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth*, 532 U.S. at 734, 121 S. Ct. 1819). Thus,

Plaintiff was required to submit a grievance pursuant to the IGP even though monetary damages were not available. His failure to do so means he cannot prevail unless he is able to show that administrative remedies were unavailable to him, which the Court addresses below.

### B. Processing of Forms

Plaintiff suggests no remedies are actually available through OCCC's grievance process because the officials who adjudicate the grievances intimidate inmates and destroy grievance forms. ECF No. 53-1 ¶¶ 3–4. Even viewing the record in the light most favorable to Plaintiff, Plaintiff failed to meet his burden of production in showing that administrative remedies were not available to him because he has not offered evidence to support this contention. *See Luong v. Segueira*, No. CV 16-00613 LEK-KSC, 2018 WL 1547122, at *6 (D. Haw. Mar. 29, 2018) (finding burden not met when plaintiff alleged he was afraid to submit a grievance, but produced no evidence showing an attempt to file).

Plaintiff states in a conclusory fashion that the IGP "does not work for me." ECF No. 53-1 ¶ 2. But Plaintiff has not pointed to any failed attempt to file a grievance regarding the incident, nor has he alleged that an officer destroyed his grievances or threatened him when he tried to file a grievance. Plaintiff has failed to present any facts showing administrative remedies were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *See Williams*,

775 F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172).

### C. Fear of Retaliation

Similarly, Plaintiff suggests that he was afraid to submit a grievance because of potential retaliation, making the administrative remedies "unavailable" to him. However, the IGP contains the following relevant provision:

> **b. Exceptions to the Initial Filing.** If the inmate reasonably believes the issue is sensitive, the inmate's safety or well-being would be placed in danger if the grievance became known at the facility level, then inmate may submit the grievance directly to the appropriate branch or division administrator in a sealed envelope marked "Confidential."

ECF No. 46-2 ¶ 8.3.b.

Plaintiff has not presented evidence showing a genuine issue of material fact as to whether this exception to the standard grievance procedures was so inadequate to address possible retaliation that the grievance process was "incapable of use." *See Ross*, 136 S. Ct. at 1859. Nor has Plaintiff presented any evidence showing there is a genuine issue of material fact as to whether OCCC administrators or staff prevented Plaintiff from "taking advantage of [the OCCC] grievance process through machination, misrepresentation, or intimidation." *See id*. at 1860.

### D. Time in Segregation

Finally, Plaintiff suggests that he did not have access to the grievance process because he was unable to file a grievance while in segregation. ECF No.

46-3 at 1 ("And then I was thrown in the hole."). Even viewing the record in the light most favorable to Plaintiff, there is no evidence he sought an extension or attempted to submit a grievance after he was released from segregation. *See* ECF No. 46.2 § 8.2 ("If the inmate demonstrates a valid reason for a delay in writing, an extension in filing time may be allowed.").

Viewing the record in the light most favorable to Plaintiff, it is clear that he brought this suit before fully exhausting his administrative remedies. The mandatory language of the PLRA prevents courts from excusing failures to exhaust in cases where the availability of administrative remedies is not in issue. *See Ross*, 136 S. Ct. at 1857. Plaintiff has not carried his burden of showing that administrative remedies were unavailable to him before he commenced this action.

## IV. CONCLUSION

Defendants' Motion for Summary Judgment is GRANTED. This action is DISMISSED for Plaintiff's failure to exhaust his available prison administrative remedies before he brought this action to court.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 16, 2019.



   /s/  Jill A. Otake
Jill A. Otake
United States District Judge

Civil No. 18-00355 JAO-RT; *Oliver v. Asuncion*; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT